**THIS ORDER IS APPROVED.**

**Dated: May 19, 2022**

Brenda Moody Whinery, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NEAL LEBARON JONES and AMY MELISSA JONES,<br><br>Debtors. | Chapter 7 Proceeding<br><br>Case No. 4:15-bk-00508-BMW |
| RUCHIR PATEL,<br><br>Plaintiff,<br><br>v.<br><br>NEAL LEBARON JONES,<br><br>Defendant. | Adv. Case No. 4:15-ap-00283-BMW<br><br>**MEMORANDUM DECISION REGARDING INTEREST** |

Before the Court is the portion of the *Plaintiff's Motion for Attorney's Fees and Costs and Request for Clarification Regarding Pre-Judgment Interest* (the "Motion") (DE 201)[1] in which the Plaintiff, Dr. Ruchir Patel ("Dr. Patel"), asks the Court to clarify that neither the Court's *Memorandum Decision* (DE 194) nor the related § 523[2] nondischargeability *Judgment* (the "§ 523 Judgment") (DE 195) affect or alter Dr. Patel's right to recover statutory interest on the underlying Illinois Judgment[3] at the applicable state law rate.

---

[1] "DE" refers to an entry on the docket in this adversary proceeding.

[2] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

[3] Unless otherwise indicated, defined terms have the meanings ascribed to them in the *Memorandum*

The Court held a hearing on the Motion on March 9, 2022, at which time the Court ordered additional briefing by the parties. The supplemental briefing[4] was completed on April 13, 2022, at which time the Court took this matter under advisement.

Based on the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

## I. Jurisdiction

Of jurisdictional significance, the § 523 Judgment is on appeal. However, the Court finds, and the parties agree, that Dr. Patel's request for relief should be read as a request to alter or amend the § 523 Judgment brought pursuant to Federal Rule of Bankruptcy Procedure 9023 and/or a request that the Court amend or make additional findings pursuant to Federal Rule of Bankruptcy Procedure 7052. (DE 247 at ¶ 21). As such, the Court retains jurisdiction to rule on the request for relief given that the request was timely made. *In re Rains*, 428 F.3d 893, 904 (9th Cir. 2005) ("A bankruptcy court retains jurisdiction to consider a timely motion under Fed. R. Bankr. P. 9023 to alter or amend the judgment, even when the motion is filed subsequent to the notice of appeal."); *see also* Fed. R. Bankr. P. 8002(b).

## II. Facts and Procedural Background

The Illinois Judgment confirmed the Arbitration Award, which found Dr. Jones, who is the Defendant in this proceeding, and his entity, SVO, jointly and severally liable to Dr. Patel under the Illinois Wage Payment Act. In addition to awarding damages for unpaid wages, the Arbitration Award granted Dr. Patel interest pursuant to 815 ILCS 205/2, for the period of June 15, 2013 through May 15, 2014, which period of time pre-dates entry of the Illinois Judgment. (TE 8).[5] Neither the Arbitration Award nor the Illinois Judgment addresses interest for any other time period.

Pursuant to the § 523 Judgment, "the debt evidenced by the Illinois Judgment . . . in favor of Plaintiff Ruchir Patel and against Defendant Neal LeBaron Jones is nondischargeable pursuant

---

*Decision* (DE 194).

[4] Specifically, the *Plaintiff's Additional Briefing Regarding the Interest Issue* (DE 255), the *Defendant's Opposition Brief Re: Community Property Liability and Judgment Interest* (DE 256), and the *Plaintiff's Reply Briefing Regarding the Interest Issue* (DE 258).

[5] "TE" is used to refer to exhibits admitted into evidence during the trial on the Amended Complaint.

to 11 U.S.C. § 523(a)(6)." (DE 195 at 2). The debt evidenced by the Illinois Judgment includes the interest awarded therein. The § 523 Judgment further provides "that interest shall accrue on [the § 523] Judgment at the rate specified in 28 U.S.C. § 1961 from entry of [the § 523] Judgment, until paid" (the "Post-Judgment Interest Provision") (DE 195 at 2).

Dr. Patel asserts that statutory interest prescribed by Illinois law has been accruing and will continue to accrue until the Illinois Judgment is satisfied, and that 28 U.S.C. § 1961 does not apply because the § 523 Judgment is not a money judgment. Accordingly, Dr. Patel argues that the Post-Judgment Interest Provision should be: (1) amended to provide that not only is the debt nondischargeable, but that any Illinois statutory interest is also nondischargeable; and/or (2) stricken and/or modified to pertain only to statutory interest under applicable Illinois law.

Dr. Jones, on the other hand, argues that the federal judgment interest rate applies to the § 523 Judgment, and that no amendment to the § 523 Judgment is warranted, because Dr. Patel filed a claim in the administrative bankruptcy case, asked this Court for a nondischargeability judgment, and has obtained a federal money judgment enforceable pursuant to state law.

### III. Legal Analysis

Section 28 U.S.C. § 1961 prescribes the interest rate applicable to "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).

Dr. Jones relies on *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002) to support his position that the federal judgment interest rate prescribed by 28 U.S.C. § 1961 applies post-entry of the § 523 Judgment, and that no amendment to the § 523 Judgment is warranted. However, although *Cardelucci* contains a general statement that "post-judgment interest is procedural in nature and thereby dictated by federal law[,]" the issue in *Cardelucci* involved the interpretation of the phrase "interest at the legal rate" in § 726(a)(5). 285 F.3d at 1234. *Cardelucci* engages in no discussion of the interest rate applicable to § 523 judgments, and the statutory language interpreted by the *Cardelucci* Court is not at issue in this case. Further, the policy considerations underlying the *Cardelucci* decision are not implicated in this adversary proceeding given that the § 523 Judgment has no impact on other creditors of the estate or the distribution to such creditors. *See* 285 F.3d at 1234-35.

Unlike *Cardelucci, In re Hamilton*, 584 B.R. 310 (B.A.P. 9th Cir. 2018), *aff'd,* 785 F. App'x (9th Cir. 2019) is directly on point. In *Hamilton*, as in this case, creditors had a pre-petition state court judgment against the debtors, which judgment the bankruptcy court determined was nondischargeable pursuant to § 523(a)(6). 584 B.R. at 314. Following the entry of the nondischargeability judgment, the creditors asked the court for a determination that post-judgment interest accrued at the applicable state law rate from the date of the entry of the state court judgment, and that such post-judgment interest was nondischargeable. *Id.* at 317. The bankruptcy court disallowed interest for the period of time during which the nondischargeability proceeding was pending and awarded post-judgment interest at the federal rate for the period of time following the entry of the nondischargeability judgment. *Id.* at 322. On appeal, the Ninth Circuit concluded that interest on a nondischargeable state court judgment continues to accrue at the state's judgment interest rate following the entry of the state court judgment, and that this accrual of interest at the applicable state law rate is not impacted by a determination that the debt evidenced by the judgment is nondischargeable. *See In re Hamilton*, 785 Fed. App'x at 439.

As the Ninth Circuit B.A.P. and Ninth Circuit explain in their respective *Hamilton* decisions, § 523 only allows a bankruptcy court to determine whether a debt is dischargeable. 584 B.R. at 323; 785 Fed. App'x at 439. Section 523 does not permit a bankruptcy court to modify the amount of the debt or adjust the applicable rate of interest. 584 B.R. at 323; 785 Fed. App'x at 439.

In this case, as in *Hamilton*, the § 523 Judgment merely establishes that the underlying debt is nondischargeable. The § 523 Judgment does not establish the amount of the debt or constitute a new money judgment under federal law sufficient to trigger 28 U.S.C. § 1961. *See* 584 B.R. at 323-24. Thus, Dr. Patel is entitled to statutory interest at the applicable state law rate from entry of the Illinois Judgment, and Dr. Patel's entitlement to such interest is unaffected by the entry of this Court's § 523 Judgment. Any statutory interest on the Illinois Judgment to which Dr. Patel is entitled is likewise nondischargeable. *See In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997) (recognizing that the liability for pre-judgment interest on nondischargeable debt is also nondischargeable); *In re Foross*, 242 B.R. 692, 694 (B.A.P. 9th Cir. 1999) (recognizing that

"[r]egardless of the nature of the underlying obligation, interest represents the cost of the debtor's use of the amounts owed to a creditor and should thus be treated as 'an integral part of a continuing debt[,]'" and as such, is nondischargeable if the underlying debt is nondischargeable); *c.f. Bruning v. United States*, 376 U.S. 358, 360 (1964) (concluding that pre- and post-petition interest on a nondischargeable tax debt is likewise nondischargeable).

## IV. Conclusion

Based upon the foregoing, it is the determination of this Court that the § 523 Judgment has no effect on the interest to which Dr. Patel is entitled under applicable state law, and that any such interest is nondischargeable. An amended § 523 judgment will issue contemporaneously herewith.

**DATED AND SIGNED ABOVE.**