# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NEAL LEBARON JONES and AMY MELISSA JONES,<br><br>                Debtors. | Chapter 7 Proceeding<br><br>Case No. 4:15-bk-00508-BMW |
| RUCHIR PATEL,<br><br>                Plaintiff,<br><br>v.<br><br>NEAL LEBARON JONES,<br><br>                Defendant. | Adv. Case No. 4:15-ap-00283-BMW<br><br>**MEMORANDUM DECISION REGARDING ENFORCEMENT OF JUDGMENT AGAINST THE COMMUNITY** |

Before the Court is the *Plaintiff's Motion Pursuant to F.R.Civ.P. 54/F.R.Bankr.P. 7054 for Judgment Against Remaining Party Defendant* (the "Motion") (DE 244) filed by Dr. Ruchir Patel ("Dr. Patel") on January 7, 2022. The Defendant, Dr. Neal LeBaron Jones ("Dr. Jones"), filed an *Opposition to Plaintiff's Rule 54 Motion for Additional Judgment* (DE 248) on January 21, 2022, and Dr. Patel filed the *Plaintiff's Reply as to his Motion Pursuant to F.R.Civ.P. 54/F.R.Bankr.P. 7054 for Judgment Against Remaining Party Defendant* (DE 249) on January 28, 2022.

The Court held a hearing on the Motion on March 9, 2022 (the "March 9 Hearing"), at which time the Court deemed the Motion a request by Dr. Patel for a declaratory judgment that

the marital community of Dr. Jones and his wife (the "Community") is liable for the nondischargeability *Judgment* (DE 195) entered by this Court against Dr. Jones (the "§ 523 Judgment"). (3/9/2022 Hearing Tr. 6:19-7:3, 8:2-18).

At the March 9 Hearing, the Court ordered additional briefing. The supplemental briefing[1] was completed on April 13, 2022, at which time the Court took this matter under advisement.

Based on the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

## I. <u>Jurisdiction</u>

This Court retains jurisdiction to rule with respect to Dr. Patel's request for a declaratory judgment because there is no stay in effect pending the outcome of the appeal of the § 523 Judgment, and this is an action to enforce the § 523 Judgment, not modify it. *In re Marino*, 234 B.R. 767, 769-70 (B.A.P. 9th Cir. 1999) (recognizing that a pending appeal divests the bankruptcy court of jurisdiction to expand upon or modify an order on appeal, but does not divest the bankruptcy court of jurisdiction to implement or enforce the order on appeal). No party disputes that this Court has jurisdiction to rule upon this matter. (*See* DE 254; DE 256).

## II. <u>Factual and Procedural Background</u>

The underlying debt represents unpaid wages owed by Dr. Jones and his entity, SVO,[2] to Dr. Patel for services rendered by Dr. Patel under the terms of an associate agreement. In July 2011, at the start of Dr. Patel's employment term, Dr. Jones and his wife, Amy Melissa Jones ("Ms. Jones," and collectively with Dr. Jones, the "Joneses"), moved from Illinois, which is not a community property state, to Arizona, which is a community property state, and is the state in which the Joneses have continued to reside. (*See* DE 171 at 2, ¶ 5; DE 194 at 3; DE 256 at Ex. A).

After his employment term ended, Dr. Patel initiated arbitration proceedings in Illinois

---

[1] Specifically, the *Plaintiff's Additional Briefing Regarding the Liability of the Community Composed of Neal LeBaron Jones and Amy Melissa Jones* (DE 254), the *Defendant's Opposition Brief Re: Community Property Liability and Judgment Interest* (DE 256), and the *Plaintiff's Reply Briefing Regarding the Liability of the Community Composed of Neal LeBaron Jones and Amy Melissa Jones* (DE 257).

[2] Unless otherwise indicated, defined terms have the meanings ascribed to them in the *Memorandum Decision* (DE 194).

against Dr. Jones and SVO for unpaid wages. The arbitration proceedings resulted in an Arbitration Award in favor of Dr. Patel and against Dr. Jones and SVO, which Arbitration Award was confirmed by the Circuit Court of Cook County, Illinois in the Illinois Judgment. (DE 194 at 7-8; TE 4; TE 8).[3]

Thereafter, the Joneses filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In their Schedule F (the "Schedules"), the Joneses designated the debt owed to Dr. Patel[4] as a non-contingent, liquidated, undisputed community obligation. (Admin. DE 1 at 30).[5]

Dr. Patel subsequently commenced this adversary proceeding against Dr. Jones and the Community,[6] seeking a determination that the debt is nondischargeable and is an obligation of the Community. (DE 10).

In his answer (the "Answer"), Dr. Jones admitted that all actions alleged in the Amended Complaint, which is the operative complaint, were undertaken on behalf of the Community, and that the debt is therefore a community obligation. (DE 10 at ¶ 3; DE 40 at ¶ A).

In April 2021, the Court conducted a trial on the Amended Complaint. The liability of the Community for the debt was not an issue that was raised during trial.

On September 1, 2021, the Court issued a *Memorandum Decision* (the "Memorandum Decision") (DE 194) and the § 523 Judgment, in which the Court determined that the debt owing to Dr. Patel, as set forth in the Illinois Judgment, is nondischargeable under § 523(a)(6) of the Bankruptcy Code as to Dr. Jones.

After the § 523 Judgment was entered, Dr. Patel sought to enforce the § 523 Judgment, which led to this dispute as to the liability of the Community for the § 523 Judgment.

Contrary to the admissions set forth in his Schedules and Answer, Dr. Jones now argues that the debt at issue cannot be deemed a community obligation under applicable law, and therefore Dr. Patel cannot pursue collection efforts against the Joneses' community property. Dr.

---

[3] "TE" refers to exhibits admitted into evidence during the trial on the Amended Complaint.
[4] Although the Schedules list Dr. Patel's counsel, rather than Dr. Patel individually, as the creditor, no party has disputed that Dr. Patel is the claimant.
[5] "Admin. DE" refers to filings on the administrative docket, case number 4:15-bk-00508-BMW.
[6] Ms. Jones is not and has never been a party to this adversary proceeding. (DE 3; DE 10; DE 244 at 3).

Jones relies upon procedural arguments pertaining to the absence of Ms. Jones as a party to the relevant state law proceedings and this adversary proceeding, and raises due process-related objections on behalf of his wife.

Dr. Patel maintains that the Joneses should be bound by the admissions in the Schedules and in the Answer that the debt is a community obligation, and that, in any event, the debt is a community obligation under applicable law. Dr. Patel further maintains that Ms. Jones did not have to be named as a party to the Illinois proceedings or this proceeding, and that in any event, Ms. Jones has been afforded sufficient due process and an opportunity to dispute the nature of the debt.

### III. <u>Legal Analysis</u>

There is a two-part test to determine whether a marital community is liable for debt that is nondischargeable as to one spouse. *In re Rollinson*, 322 B.R. 879, 881 (Bankr. D. Ariz. 2005) (cited with approval by *In re Seare*, 515 B.R. 599 (B.A.P. 9th Cir. 2014) and *In re Bush*, BAP No. AZ-05-1124-MoSK, 2005 WL 6960185 (B.A.P. 9th Cir. Dec. 15, 2005)). First, the court must determine "whether the debt is a community debt or is a sole and separate debt of the guilty spouse." *Id.* If the court finds that the debt is a community debt, the court must then determine the scope of the discharge. *Id.*

#### A. **Whether the Debt is a Community Debt**

As a threshold matter, "statements in bankruptcy schedules carry evidentiary weight, and there exists a substantial body of case law holding that statements in schedules amount to binding judicial admissions." *In re Ingrim Fam., LLC*, BAP No. WW-17-1241-TaBKu, 2019 WL 2524246, at *5 (B.A.P. 9th Cir. June 18, 2019); *see also In re Heath*, 331 B.R. 424, 431 (B.A.P. 9th Cir. 2005) (recognizing that "bankruptcy schedules can constitute admissions under Fed. R. Evid. 801(d)(2)"). Further, an admission in an answer is generally "binding on the parties and the Court" and has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (quoting in part *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)).

As noted above, in their Schedules, which were signed under penalty of perjury, the

Joneses designated the debt a community obligation.[7] Dr. Jones likewise admitted in his Answer that all actions alleged in the Amended Complaint were undertaken on behalf of the Community, and that the debt is therefore a community obligation. The arguments proffered by Dr. Jones in an attempt to dispute the community nature of the debt flatly contradict the prior sworn statements and admissions by Dr. Jones and his wife that the debt is an obligation of the Community. The Joneses are, however, bound by their admissions.

Even if the Court reviews the nature of the debt given the issues raised, it is the determination of this Court that, for the reasons stated below, the debt is nevertheless a community obligation under applicable law.

Whether debt is a community debt is a question of state law. *In re Rollinson*, 322 B.R. at 881; *In re Maready*, 122 B.R. 378, 381 n.2 (B.A.P. 9th Cir. 1991); *see also In re Soderling*, 998 F.2d 739, 733 (9th Cir. 1993). In this case, the Joneses lived in Arizona when the debt was incurred, the Joneses have continued to reside in Arizona since that time, and Dr. Patel is attempting to collect on the debt in Arizona. No party disputes that with respect to a determination on the merits, Arizona law applies for purposes of determining whether the debt is a community obligation.

Generally, under Arizona law, "[d]ebt incurred by one spouse while acting for the benefit of the marital community is a community obligation whether or not the other spouse approves it." *Lorenz-Auxier Fin. Group, Inc. v. Bidewell*, 772 P.2d 41, 43 (Ariz. Ct. App. 1989). Further, "community property is liable for a spouse's debts incurred outside of [Arizona] during the marriage which would have been community debts if incurred in [Arizona]." A.R.S. § 25-215(C).

"[T]he community nature of a debt is determined by the intent or purpose of the spouse who incurred the debt or by its benefit to the community[,]" and neither the innocence of the non-participating spouse nor the knowledge, intent, or participation of the non-participating spouse has any direct bearing on this issue. *In re Rollinson*, 322 B.R. at 881.

During the trial on the Amended Complaint, Dr. Patel established that Dr. Jones provided the primary, if not the sole, source of income for his wife and children during the relevant period

---

[7] At no time while their bankruptcy case was open did the Joneses amend their Schedules.

of time, and that the debt was incurred for the benefit of Dr. Jones and his family.[8] (*See* DE 194 at 7). Further, neither of the Joneses has, at any point in time, seriously disputed that the debt was incurred by Dr. Jones with the intent of benefitting the Community and/or for a community purpose. Rather, Dr. Jones raises a series of procedural arguments to support his position that the debt at issue is not a community obligation, each of which the Court will address in turn.

### 1. Joinder Under A.R.S. § 25-215(D)

A.R.S. § 25-215(D) provides that "[i]n an action on [a community] debt or obligation the spouses shall be sued jointly . . . ." Dr. Jones argues that, based upon the language of A.R.S. § 25-215(D) and certain Arizona appellate court decisions, he and Ms. Jones would have had to have been sued jointly in order for the debt to be deemed a community obligation. That being said, it is undisputed that Ms. Jones was not a party to the Illinois arbitration, Illinois state court proceedings, or this adversary action.

Dr. Patel counters that the Court is bound by *Gagan v. Sharar*, 376 F.3d 987 (9th Cir. 2004), and that under *Gagan*, joinder is not an absolute prerequisite to execution on community property.

Neither of the parties has cited to any Arizona Supreme Court decision that has addressed the issue of whether A.R.S. § 25-215(D) requires that spouses be joined in an underlying foreign proceeding in order for the judgment creditor to execute upon community property in Arizona, and the Court has not otherwise been able to locate any such decision. As such, *Gagan* is binding precedent upon this Court. *See Arnaudov v. California Delta Mech. Inc.*, No. MC-16-00085-PHX-MTL, 2022 WL 248007, at *4 (D. Ariz. Jan. 27, 2022) (recognizing that *Gagan* was binding upon it).

As in this case, an issue before the Court in *Gagan* was whether, under Arizona law, a judgment creditor could execute against community property when only one spouse had been named in the underlying foreign action. 376 F.3d at 990. The judgment creditor in that case attempted to execute against community property in Arizona, where the judgment debtors resided

---

[8] The Joneses' statement of financial affairs, signed by the Joneses' under penalty of perjury, also reflects that Dr. Jones was the sole source of income for his wife and dependents during at least a period of the pertinent timeframe. (*See* Admin. DE 1 at 45-46).

at all relevant times, but the underlying litigation had taken place in the common law state of Indiana, and only one of the spouses had been a party to that underlying action. *Id* at 989. The Ninth Circuit rejected the judgment debtor's argument that the judgment creditor was precluded by A.R.S. § 25-215(D) from executing against community property on the basis that both spouses had not been named in the Indiana action. *Id.* at 992. Although the Ninth Circuit recognized the split in authority at the Arizona appellate court level, the *Gagan* Court ultimately declined to follow the line of cases relied upon by Dr. Jones. *Id.* at 990. The Ninth Circuit recognized that, under the circumstances, the enforcement of the joinder provision in A.R.S. § 25-215(D) would have created a "Catch-22" situation given that there had been no basis to name both spouses in the underlying lawsuit. *Id.* at 990. In this case, as in *Gagan*, Dr. Patel has alleged, and Dr. Jones has not disputed, that there was no basis to name Ms. Jones as a party to the underlying Illinois litigation.

Dr. Jones attempts to distinguish *Gagan* on the basis that because he and his wife lived in Arizona during the pertinent period of time, Dr. Patel was on notice that Arizona's enforcement statutes could apply, and as such, Dr. Patel should be bound by the joinder requirement in A.R.S. § 25-215(D). However, as noted above, the judgment debtors in *Gagan* also lived in Arizona "at all relevant times." 376 F.3d at 989.

In sum, this Court is bound by *Gagan*, and this Court finds nothing distinguishable about the facts in this case that would warrant an outcome different from that reached in *Gagan* with respect to the applicability of A.R.S. § 25-215(D). Even if this Court was not bound by *Gagan*, this Court would find *Gagan* persuasive and adopt its reasoning absent Arizona Supreme Court law to the contrary.

Based upon the foregoing, the Court finds that A.R.S. § 25-215(D) does not preclude a determination by this Court that the Illinois Judgment is a community obligation for which the Community is liable.

### 2.    Joinder Under A.R.S. § 25-214(C)(2)

There is an exception to the general rule that either spouse may contract debts and otherwise act for the benefit of and bind the community set forth in A.R.S. § 25-214(C)(2), which

provides that "joinder of both spouses is required . . ." for "[a]ny transaction of guaranty, indemnity or suretyship."

Dr. Jones argues that, based upon this exception, Ms. Jones would have had to sign a contract of surety or have been a corporate officer of SVO, and have been named in the Illinois arbitration as such, in order for the debt at issue to be deemed a community obligation because Dr. Jones's liability under the Arbitration Award and Illinois Judgment is based upon a finding that as a corporate officer, Dr. Jones was a statutory surety for payment to Dr. Patel.

The Arbitration Award, which was confirmed in its entirety by the Illinois Judgment, found Dr. Jones and SVO jointly and severally liable under the Illinois Wage Payment Act. In order to establish the claim under the Illinois Wage Payment Act for which Dr. Jones was held liable, Dr. Patel was required to demonstrate: (1) that Dr. Jones was an "employer" within the meaning of the Illinois Wage Payment Act; (2) that the parties entered into an "employment contract or agreement;" and (3) that Dr. Patel was a "separated employee" due "final compensation." (TE 8, Ex. A at 8-9).

Dr. Jones appears to argue that the finding by the arbitrator that he was an employer was premised upon a suretyship theory. However, the term "employer" is broadly defined under the Illinois Wage Payment Act to include "any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed[,]" as well as "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of [the Illinois Wage Payments Act] . . . ." 820 Ill. Comp. Stat. Ann. 115/2, 115/13. Neither of the above bases for employer liability render Dr. Jones a surety or premise his liability upon a suretyship theory. As such, A.R.S. § 25-214(C)(2) has no bearing on this Court's determination as to the community nature of the debt.

Based upon the foregoing, the Court does not find Dr. Jones's procedural arguments

persuasive, and therefore determines that the debt at issue is a community obligation for which the Community is liable.

### B. The Scope of the Discharge

The second prong of the community liability analysis, which requires the Court to determine the scope of the discharge, is governed by federal bankruptcy law. *In re Rollinson*, 322 B.R. at 881. Pursuant to § 524(a)(3) of the Bankruptcy Code, a chapter 7 discharge does not discharge "a community claim that is excepted from discharge under section 523" of the Code. In other words, "the nondischargeable debt of one spouse that is a 'community claim' is enforceable against after-acquired community property." *In re Bush*, 2005 WL 6960185, at *4; *accord In re Rollinson*, 322 B.R. at 884 ("If the parties are still married when the bankruptcy is filed, their post-petition community property will automatically be liable for any community debt that is determined nondischargeable as to either spouse.").

Dr. Patel correctly asserts that because the debt is nondischargeable, and because the debt is a community debt under applicable state law, pursuant to § 524(a)(3) of the Bankruptcy Code, the Community does not receive the benefit of the Chapter 7 discharge as to the debt at issue.

In sum, the Bankruptcy Code "prevent[s] a wrongdoer from hiding behind an innocent spouse's discharge, but correlatively require[s] the innocent spouse in a community property state to bear some burden of responsibility for the wrongdoing spouse." *In re Kimmel*, 378 B.R. 630, 637 (B.A.P. 9th Cir. 2007), *aff'd,* 302 F. App'x 518 (9th Cir. 2008). As such, in this case, the Community is liable for the nondischargeable debt evidenced by the Illinois Judgment.

### C. Due Process

Dr. Jones asks the Court to afford his wife the opportunity to participate in an evidentiary hearing regarding her involvement in SVO, if any, as well as the benefit to the Community. He suggests that Ms. Jones has not been afforded due process.

Under Arizona law, "[e]ach spouse has an equal interest in the community property[,]" and "[n]either may be deprived of that interest without due process of law." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Greene*, 985 P.2d 590, 595 (Ariz. Ct. App. 1999). Thus, Arizona courts have concluded that a spouse must be given "the opportunity to be heard at a meaningful time

and in a meaningful manner" before that spouse can be deprived of her interest in community property. *Id.* (quoting *Huck v. Haralambie*, 593 P.2d 286, 288 (Ariz. 1979)).

In this case, there is no dispute that Ms. Jones was not a party to the Illinois litigation that established the underlying debt, and Ms. Jones is not a party to this adversary proceeding. However, contrary to the assertions made by Dr. Jones, the Amended Complaint was served on both Dr. Jones and Ms. Jones, who has been represented by the same counsel who represents her husband. (DE 11). At all pertinent times, Dr. Patel has sought relief against the Community, and at no point did either of the Joneses move to join Ms. Jones in this proceeding. To the contrary, Ms. Jones sought dismissal of herself as a party to this proceeding, even though at the time, she was not a named party. (DE 12; DE 39). In short, Ms. Jones has had a sufficient opportunity to participate in these proceedings and be heard, and she chose not to avail herself of such opportunity.

Further, as discussed above, "the community nature of a debt is determined by the intent or purpose <u>of the spouse who incurred the debt</u> or by its benefit to the community . . . ." *In re Rollinson*, 322 B.R. at 881. In this case, the record firmly supports a finding that the debt at issue was incurred by Dr. Jones with the intent and purpose of benefitting the Community.

It is the determination of this Court that Ms. Jones has been afforded sufficient due process in this matter.

## IV. Conclusion

For the reasons stated above, and based upon the totality of the facts and circumstances in this case, it is the determination of this Court that the Illinois Judgment, which is nondischargeable pursuant to this Court's § 523 Judgment, is a community debt, and that the Community is liable for such debt.[9]

An amended § 523 judgment will issue consistent with this Memorandum Decision.

**DATED AND SIGNED ABOVE.**

---

[9] In the event it is later determined that this Court lacked jurisdiction to enter this Memorandum Decision given the pending appeal of the § 523 Judgment, this Memorandum Decision should be deemed a statement made pursuant to Federal Rule of Bankruptcy Procedure 8008(a)(3) that this Court would grant Dr. Patel's request, for the reasons set forth herein, in the event this matter were to be remanded to this Court for further proceedings.